(22. Misc. Rep. 518.)

## CLOCKEY v. INTERNATIONAL RUBBER CLOTHING & GENERAL SUPPLY CO.

(City Court of New York, General Term.    February 23, 1898.)

PLEADING—AMENDMENT.
    The complaint in an action alleged that defendant was a domestic corporation. The answer denied the allegation, and alleged that it was a. New Jersey corporation. At the close of plaintiff's case, before a referee, defendant moved to dismiss the complaint for failure to prove the domestic incorporation of defendant. Thereupon the referee granted leave to amend by alleging the fact as pleaded by defendant, and defendant excepted. *Held*, that the amendment was reasonable and properly allowed.

Appeal from judgment on report of referee.

Action by Kate Clockey, as administratrix of John T. Clockey, against the International Rubber Clothing & General Supply Company. From a judgment on report of referee, defendant appeals. Affirmed.

Argued before FITZSIMONS, C. J., and SCHUCHMAN and CONLAN, JJ.

William Stewart, for appellant.
Robinson, Biddle & Ward, for respondent.

CONLAN, J.    This is an appeal from a judgment entered upon the report of a referee, after the trial of the issues, in the action before him. The action is to recover the sum of $549.97, upon an assigned claim for goods, wares, and merchandise alleged by the plaintiff to have been sold to the defendant by one Thomas J. Little, and the claim assigned to one Howard W. White, and by White to the plaintiff's intestate. There was an allegation in the complaint that the defendant was a domestic corporation, which the answer denies, and pleaded itself as a New Jersey corporation. The assignment and the exact amount due were put in issue also. At the close of the plaintiff's case, the defendant's counsel moved to dismiss the complaint, on the ground that the plaintiff had failed to prove that the defendant is a domestic corporation; and the referee sustained this view, with leave, however, to amend the complaint by alleging that the defendant was a foreign corporation, as the defendant had so pleaded in his answer. The plaintiff availed herself of this offer, and the required amendment was inserted. To this permission, the defendant objected and excepted, on the ground that it was too late.

We think that the amendment was a reasonable one, and properly allowed; and, because of the allegation in the answer, its allowance was not prejudicial to the defendant. The defendant offered no evidence whatever, and the referee, in his opinion on this point, says:

"The power of the court or referee to allow amendments would be very much curtailed if that power might be terminated the instant the plaintiff's case was finished by an announcement that the defendant also closed."

The defendant was surely not prejudiced by the amendment. Especially is this so because of the affirmative allegation in the answer, and we think the referee was right in his conclusion.

One other question requiring consideration is the one in dispute regarding the amount due to the original contractor, and in this particular we are again relieved from uncertainty by the very act of the defendant, who, in his certificate furnished to the sheriff who had attempted to levy upon a credit in favor of an original creditor, under an attachment issued against his property at the instance of a third party, expressly stated that it held and owned a certain sum of money, being the amount of the assigned claim to the assignee of the original claim, and that it owed no money to the assignor. The precise language of this certificate is important, namely:

"We do not owe said party, Thomas J. Little; any money which we owe being now owned by assignment, said Thomas J. Little having assigned to Howard W. White,—$549.97."

As we have already seen, White assigned this precise amount to the plaintiff's intestate, in whose name the action was originally brought. This certificate is signed, "E. G. Milbury, President;" and was upon a letter head of the International Rubber Clothing & General Supply Company, the defendant in the case at bar.

The opinion of the referee is, as we think, in full accord with the views herein expressed; and we have been unable to find anything in the record which calls for any reversal of the judgment. Judgment must therefore be affirmed, with costs. All concur.